1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   JESSICA S.,

11                    Plaintiff,

12        v.

13   ACTING COMMISSIONER OF
     SOCIAL SECURITY,

14                    Defendant.

15

CASE NO. 3:21-cv-5040-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16

17        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

defendant's denial of plaintiff's application for supplemental security income ("SSI") and

18   disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

19   Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by

20   the undersigned Magistrate Judge. *See* Dkt. 3. This matter is fully briefed. *See* Dkts. 14, 17, 18.

21        The parties agree that plaintiff can stand or walk or do a combination of standing and

22   walking for up to 6 hours in an 8-hour workday, as found by the ALJ in plaintiff's RFC. This

23   dispute arises out of the finding by the ALJ at step 5 that plaintiff could perform a job requiring,

24

1  according to the Vocational Expert ("VE"), her to stand and walk "each of those things up to 6

2  hours" and be on her "feet either standing and/or walking during an 8 hour day." AR 81. Because

3  the VE's inconsistent testimony regarding the ALJ's step 5 finding is not resolved on the record,

4  the ALJ committed legal error and failed to carry the burden at step 5.

5       Because this error is not harmless, this matter must be reversed and remanded for further

6  Administrative proceedings.

7                        FACTUAL AND PROCEDURAL HISTORY

8       On January 29, 2018, plaintiff filed an application for DIB and SSI, alleging disability as

9  of January 1, 2016. *See* Dkt. 9, Administrative Record ("AR"), p. 15. The application was denied

10  on initial administrative review and on reconsideration. *See* AR 15. A hearing was held before

11  Administrative Law Judge Elizabeth Watson ("the ALJ") on May 14, 2020, in addition to other

12  hearings. *See* AR 57-83; *see also* AR 15, 36-83. In a decision dated June 9, 2020, the ALJ

13  determined plaintiff to be not disabled. *See* AR 12-35. Plaintiff's request for review of the ALJ's

14  decision was denied by the Appeals Council, making the ALJ's decision the final decision of the

15  Commissioner of Social Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, §

16  416.1481.

17       In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by: (1) finding plaintiff is

18  able to perform other work that exists in significant numbers in the national economy at step 5;

19  (2) rejecting the opinion of Dr. Wendy Hardinger PsyD; (3) failing to include in the residual

20  functional capacity ("RFC") finding all of the limitations assessed by Dr. Phillip Gibson PhD;

21  (4) ignoring the lay witness evidence; and, (5) rejecting plaintiff's testimony. "Open," Dkt. 14,

22  pp. 1-2. Defendant contends the ALJ reasonably discounted plaintiff's allegations; the ALJ's

23  failure to discuss the statement of plaintiff's father was harmless; the ALJ reasonably discounted

24

the opinions of Dr. Hardinger PsyD and Dr. Gibson PhD; and, the ALJ properly relied on

vocational expert ("VE") testimony to determine plaintiff could perform other work at step 5 of

the disability determination. "Response," Dkt. 17, pp. 1-2.

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747,

750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

<u>DISCUSSION</u>

**I.      Whether the ALJ erred at Step 5 by finding plaintiff can perform other work
existing in significant numbers in the national economy.**

Plaintiff contends the ALJ erred by finding plaintiff can perform other work existing in

significant numbers in the national economy at step 5. Open, p. 1. Defendant contends the ALJ

properly relied on VE testimony to determine plaintiff could perform other work at step 5 of the

disability determination. Response, pp. 1-2.

If an ALJ reaches the final step in the sequential analysis, the burden shifts to the

Commissioner on the fifth and final step of the sequential disability evaluation process. *Meanel

v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Bowen v. Yuckert*, 482 U.S. 137, 140, 146

n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.

1995). The ALJ's Step 5 finding, like all findings under review by this Court, must be supported

by substantial evidence in the overall record to be affirmed. *See Bayliss*, *supra*, 427 F.3d at 1214

1  n.1 (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence means more

2  than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable

3  mind might accept as adequate to support a conclusion. *Andrews v. Shalala*, 53 F.3d 1035, 1039

4  (9th Cir. 1995) (citing *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989)).

5        Regarding inconsistencies at step 5, the Social Security has a Ruling regarding such

6  matters:

7        [B]efore relying on VE or VS evidence to support a disability determination
   or decision, our adjudicators must:

8        - Identify and obtain a reasonable explanation for any conflicts between
   occupational evidence provided by VEs or VSs and information in the

9        Dictionary of Occupational Titles (DOT)… and [e]xplain in the
   determination or decision how any conflict that has been identified was

10       resolved.

11 Social Security Ruling 00-4p, 2000 SSR LEXIS 8 at *1 (2000).

12       Although "Social Security Rulings do not have the force of law, [n]evertheless, they

13 constitute Social Security Administration interpretations of the statute it administers and of its

14 own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing

15 *Paxton v. Sec. HHS*, 856 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation and footnote

16 omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are

17 plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (citing

18 *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45, 104 S. Ct. 2778, 81 L. Ed. 2d 694

19 (1984); *Paxton, supra*, 856 F.2d at 1356).

20       Here, requiring ALJs to resolve on the record inconsistencies in the final determinative

21 step at which the Administration carries the burden as it relates to relevant VE testimony on

22 which the ultimate determination largely relies, is not plainly erroneous or inconsistent with the

23 Act or regulations. *See id.* At step 5, as noted by the Ninth Circuit, there exist "two ways for the

24

1   Commissioner to meet the burden of showing that there is other work in 'significant numbers' in

2   the national economy that claimant can perform: (a) by the testimony of a vocational expert, or

3   (b) by reference to the Medical-Vocational Guidelines ['the Guidelines']." *Tackett v. Apfel*, 180

4   F.3d 1094, 1101 (9th Cir. 1999) (citations omitted). The Guidelines did not cover the situation

5   herein, as determined by the ALJ, *see* AR 28, rendering the ALJ's reliance on the VE at step 5

6   determinative. *See, Tackett*, *supra,* 180 F.3d at 1101.

7          Therefore, based on this record and for the reasons just elucidated, the Court concludes

8   that any inconsistencies regarding relevant VE testimony at step 5 as it pertains to plaintiff's

9   ability to perform relevant jobs must be resolved by the ALJ, and any such resolution on the

10  record must be supported by substantial evidence in the record as a whole. *See id.; Bayliss*,

11  *supra*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601).

12         In this matter, at the final step, step 5, of the sequential Social Security Disability

13  evaluation process, the ALJ found with plaintiff's RFC, she would have been able to perform

14  occupations such as laundry worker; housekeeper; and, routing clerk. AR 29. In doing so, the

15  ALJ relied explicitly on the VE's testimony. *See id*.

16         As noted by plaintiff, the ALJ found plaintiff had the RFC for "standing and/or walking

17  for a total of about 6 hour (sic)" out of a normal 8-hour workday with normal breaks. *See* AR 20.

18  It seems readily apparent from the written decision the RFC limits plaintiff to a total of standing

19  and/or walking 6 hours per day. *See id*. That is, it does not matter whether she is standing or

20  walking, no more than 6 hours per day can be done at either of these activities. *See id*.

21         The inconsistency plaintiff argues exists in the record is at plaintiff's Administrative

22  hearing, when eliciting the testimony from the VE upon which the ALJ relied in the written

23  decision, the ALJ provided a hypothetical with the same wording as just discussed, that is, an

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

1    individual "limited to standing and/or walking for a total of about 6 hours ...." *See* AR 78 (with

2    the apparent addition of kneeling limitation in hypothetical), *compare with* AR 20-21 (RFC). In

3    response, the VE provided the noted jobs relied on by the ALJ, that is, laundry worker;

4    housekeeper; marking clerk (sic likely in transcription of record) (DOT 222.687-022, *i.e.,* DOT

5    for routing clerk). *See* AR 79, *compare with* AR 29 (laundry worker, housekeeper, routing clerk

6    (DOT 222.687-022)). Subsequently, plaintiff's attorney questioned the VE. *See* AR 81.

7    The attorney asked the VE "if an individual was doing the jobs that you have named [in

8    the relevant hypothetical], I was wondering in an 8 hour day how much standing and walking

9    would there be with those jobs." *Id*. The VE responded that typically, such employees "would be

10   standing the majority of the day." *Id*. The attorney further questioned, "okay, so, more than 6

11   hours?" *Id*. The VE responded: "no, I think standing and walking 6 out of 8 is correct," and then

12   responded upon further questioning that when vocational experts "talk about standing and

13   walking we are talking about some combination where one could perform *each of those things*

14   *up to 6 hours*." *Id* (emphasis added).

15   The Court concludes that this is inconsistent testimony: performing standing up to 6

16   hours and walking up to 6 hours, each, would be standing and/or walking up to 12 hours total,

17   whereas the RFC and hypothetical indicated "standing and/or walking for up to 6 hours." *See* AR

18   20-21, 81. This inconsistency is not resolved on the record, depriving the ALJ's step 5 finding of

19   substantial evidence. The ALJ's finding that plaintiff could have performed these jobs, given her

20   RFC, is not based on substantial evidence in the record as a whole, as it is not based on such

21   "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

22   *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d

23   323, 325-26 (9th Cir. 1989)).

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

1    Further buttressing this conclusion, the VE testified that "the job basically is on your feet

2    the entire day. There might be brief episodes of sitting or dusting or something like that if you

3    are a maid but you are going to be on your feet either standing and/or walking during an 8 hour

4    day." AR 81. When asked by plaintiff's attorney if such "is [] true for all of the jobs under [the

5    relevant hypothetical,]" the VE testified in response "yes, I believe so." *Id*.

6    For the reasons stated and based on the record as a whole, the Court concludes that the

7    ALJ erred at step 5 when failing to resolve the apparent inconsistency regarding plaintiff's ability

8    with respect to "standing and/or walking for a total of about 6 hours" in an 8 hour workday, AR

9    20-21, with the finding that she could perform a job requiring her to stand and walk "each of

10   those things up to 6 hours" and be on her "feet either standing and/or walking during an 8 hour

11   day" AR 81.

12   **II.      Harmless error**

13   The Ninth Circuit has "long recognized that harmless error principles apply in the Social

14   Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. v.*

15   *Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An error is harmless if it is

16   "'inconsequential to the ultimate non[-]disability determination.'" *Molina*, *supra,* 674 F.3d at

17   1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

18   Here, at the step where the ALJ carries defendant's burden, the ALJ failed to resolve

19   inconsistencies between plaintiff's abilities and limitations found by the ALJ to exist in her RFC,

20   *see* AR 20-21, with the abilities testified as required by the VE for the jobs found by the ALJ that

21   plaintiff could have performed rendering her not disabled, *see* AR 81. *See also* AR 28-29. This

22   error is very consequential to the ultimate non-disability determination and hence, is not

23   harmless. *See Molina*, *supra,* 674 F.3d at 1117 (quoting *Carmickle*, *supra*, 533 F.3d at 1162).

24

1    Because of the error at step 5, the Court will not discuss the remaining contentions of

2  plaintiff. Plaintiff's medical evidence, testimony and evidence submitted from lay sources all

3  will be evaluated anew, or in the case of the lay evidence, evaluated for the first time, following

4  remand of this matter.

5    **III.    Whether this Court should reverse with a direction to award benefits or for further administrative proceedings**

6

7    Generally, when the Social Security Administration does not determine a claimant's

8  application properly, "'the proper course, except in rare circumstances, is to remand to the

9  agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595

10  (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for

11  determining when [improperly rejected] evidence should be credited and an immediate award of

12  benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v.*

13  *Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). After concluding at step one that an ALJ has erred,

14  (not harmless error), the Court next should "turn to the question whether further administrative

15  proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103

16  (9th Cir. 2014) (citations omitted). When looking at this issue, the Court should consider if the

17  record is free from relevant conflicts. *See id*.

18    Based on a review of the record, the Court concludes that the record is not free from

19  important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter

20  should be reversed for further administrative proceedings, including a *de novo* hearing, not with

21  a direction to award benefits. *See id.*

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 2nd day of September, 2021.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9